---

EX PARTE SUAU, PETITIONER AND APPELLANT.

APPEAL from the District Court of Arecibo in a Proceeding for Authorization to Sell Property for the Payment of Debts of an Estate.

No. 2029.—Decided December 23, 1919.

EXECUTOR—WILL—SALE OF PROPERTY—ADMINISTRATOR.—When it does not appear clearly from a will that the testator authorized the executor to sell property for the payment of debts, if the executor wishes to exercise such authority he should bring himself within the scope of a judicial administrator by taking the steps required by the law.

The facts are stated in the opinion.

*Mr. José D. Rodríguez* for the appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The District Court of Arecibo rendered a decision wherein it is set forth that Bernardo Suau Ballester, as executor of Ignacio Sorondo, presented a petition to the court for permission to sell the goods and land mentioned in the petition, amounting to $2,909, in order to pay the debts likewise vowed in the petition.

The court proceeds to hold that inasmuch as the eighth clause of the will of the said Sorondo only gave the said executor the rights mentioned in the civil code and to take

possession of and administer the estate during the time it was dormant and to collect or pay amounts, giving or asking receipts, without giving said executor the right to pay debts, or to sell property, for which an express authority is necessary, and whereas the said executor has not had himself appointed executor as intimated in *Succession of Criado* v. *Martínez*, 25 P. R. R. 308, that therefore the petition should be denied.

The petition recites a number of documents to accompany the same as proofs, including the will in question. These proofs have not been certified to us in any form. We have no opportunity to see the will or the other matters which were before the court. Hence we are without authority to reverse the judgment on this ground.

In any event, to save any question, as the authority given by the will to sell property is not clearly set forth, we think it would be better for the appellant, if he wishes to avail himself of the powers conferred on a judicial administrator by section 46 of the law of special legal proceedings, to bring himself within the scope of such judicial administrator by taking the steps required by the law.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.